jury should have been instructed to disregard approximately $10,500 is inconsistent with defendant's own admission, for he admits that he owes some one $19,900, and as we think the evidence warranted the jury in finding that whatever sum the defendant owed was to Mrs. Eden or her administrator, it is obvious that many of counsel's objections are untenable. Moreover, we think the evidence was sufficient to warrant the jury in finding in favor of plaintiff as to the several items, for the evidence as to each item is substantially the same—the same system of bookkeeping and the entire scheme as to the different items was the same, which the evidence tends to show was carried out at the suggestion of the defendant.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*

---

**Frank Lopata, Appellee, v. John Jaros, Appellant.**

**Gen. No. 23,909.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed July 10, 1918.

### Statement of the Case.

Action by Frank Lopata, plaintiff, against John Jaros, defendant, to recover a balance claimed to be due for goods sold and delivered. From a judgment for plaintiff for $480.86, defendant appeals.

EDWARD J. HERDLICKA, for appellant.

RYAN & LEWIS, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

SALES, § 329*—*when evidence supports verdict in action for balance of purchase price.* In an action to recover a balance claimed to be due for goods sold and delivered, evidence *held* sufficient to support a verdict for plaintiff.

---

## Calista Pierce, Appellee, v. Eugene G. Pierce et al., Appellants.

### Gen. No. 24,382.   (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed July 10, 1918.

## Statement of the Case.

Bill by Calista Pierce, complainant, against Eugene G. Pierce, Mary P. Goodison, George Allan Goodison, her husband, George B. Williams and Charles Hudson, defendants, to set aside an oral contract for the transfer of certain personalty and for a temporary injunction to restrain defendants from transferring, assigning, incumbering or disposing of certain shares of stock and from receiving dividends thereon, and also for the appointment of a receiver to take and hold such stock pending a hearing. From an order appoint-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.